178 P.2d 582

**STATE v. BREM.**

No. 4980.

Supreme Court of New Mexico.

March 20, 1947.

Lee R. York, of Hobbs, and Murray J. Howze, of Monahans, Tex., for appellant.

C. C. McCulloh, Atty. Gen., and Robert V. Wollard, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Appellant appeals from a judgment pronounced following his conviction of the crime of bigamy.

The facts are not in dispute. The appellant married Yondola Mae Idom at a time when he was already married to one Audrey May Segler. The marriage to Yondola took place on January 24, 1944, at Crane, Texas, by virtue of a marriage license issued by the County Clerk of that County. On July 3, 1944, the first wife, Audrey, was granted an absolute divorce from appellant by the 112th District Court of Upton County, Texas. Thereafter, appellant continued to live with Yondola in the State of Texas, until November, 1945, when he moved to Hobbs, New Mexico, and continued to live with her there until December 25, 1945, when they separated. On January 19, 1946, some 25 days after his separation from Yondola, appellant, under the name of W. C. Brown, procured a

marriage license in Lovington, New Mexico, went to Abilene, Texas, and was there married to one Nancy Eunice Lovett, under said license, by a minister of the Church of Christ. They lived together in Texas as man and wife for a few days, then moved back to New Mexico, where they continued to live together. When the New Mexico marriage license used in the State of Texas was returned to the County Clerk in New Mexico for recordation, she discovered the ceremony had been performed by a minister beyond the State. She thereupon informed appellant it would be necessary for him to secure a new license. This the appellant did, securing another license in Lea County and on the same day participated in another marriage ceremony to Nancy performed by a Methodist minister at Lovington, New Mexico. It is by reason of this last purported marriage that the commission of bigamy is charged in this case.

We take the case as it comes to us. The defendant was charged with committing the crime of bigamy on February 4, 1946, in Lea County, New Mexico, "in that he married Nancy Eunice Lovett, being at such time lawfully married to Yondola Mae Idom Brem."

Everyone at the trial assumed the lawfulness of the marriage of defendant to Yondola (Yolanda) Mae Idom Brem, although a close scrutiny of the record discloses that the lawfulness of this union rests upon a common law marriage valid in Texas where it was consummated.

Upon the same examination of the record it is disclosed that defendant and Nancy (Nancie) Eunice Lovett were married in Abilene, Texas, on January 19, 1946, by a minister of the Church of Christ, the marriage license used on that occasion having been obtained in Lovington, Lea County, New Mexico.

It is the settled law in Texas that the requirement of a marriage license is directory merely, and that a ceremonial marriage otherwise regular is valid. Furthermore common law marriages are recognized in Texas as valid. The record shows that after the ceremonial marriage of defendant to Nancy Eunice Lovett in Abilene, Texas, they lived together as husband and wife in Texas and published the fact that they were married there. So it appears that but for the impediment of such marriage, to-wit, the existing common law wife of the defendant (Yolanda Mae Idom Brem), the marriage of defendant to Nancy Eunice Lovett would have been a valid marriage, where consummated (in Texas) and consequently good in New Mexico. Hence, the subsequent celebration in Lea County, New Mexico, of a second ceremonial marriage of defendant to Nancy Eunice Lovett did not add to or detract from their status of being married to each other. Thus it is that appellant is right in his contention, adequately presented to the trial

court, that if he had committed bigamy it had been committed in Texas, and hence he could not be tried for such offense in Lea County, New Mexico.

In view of the conclusion we reach on the question argued under point 2, it becomes unnecessary to notice other assignments. The trial court should have sustained appellant's motion for an instructed verdict at the conclusion of all of the evidence. For the reasons herein stated, the judgment will be reversed and the cause remanded with instructions to set aside the judgment and discharge appellant.

It is so ordered.

BRICE, C. J., and SADLER, J., concur. McGHEE, J., did not participate.